IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FABIAN ARKLISS, for himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NISSAN EXTENDED SERVICES NORTH AMERICA, INC.; DIFEO NISSAN PARTNERSHIP d/b/a HUDSON NISSAN<br><br>    Defendants. | **Case No. _____**<br>**(Removed from the Court of New Jersey, Bergen County Division, Case No. 2018-L-001227)** |

## NOTICE OF REMOVAL

TO:    William T. Walsh
    Clerk of the District Court
    United States District Court
    Martin Luther King, Jr. Building & U.S. Courthouse
    50 Walnut Street
    Newark, New Jersey 07101

On Notice To:    Clerk
    Superior Court of New Jersey
    Bergen County
    10 Main Street
    Hackensack, NJ 07601

    Gabriel Posner
    Posner Law PLLC
    270 Madison Avenue, Suite 1203
    New York, NY 10016
    Attorney for Plaintiff

Ari H. Marcus
Marcus Law, LLC
1500 Allaire Avenue
Ocean, NJ 07712
Attorney for Plaintiff

**PLEASE TAKE NOTICE** that Defendant Nissan Extended Services North America, Inc. ("NESNA"), by and through its undersigned counsel, hereby gives notice of removal, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, of the above-captioned case from the Court of New Jersey, Bergen County Division, Case No. 2018-L-001227, to the United States District Court for the District of New Jersey.  As grounds for removal, NESNA states as follows:

1. Plaintiffs seek relief on behalf of two putative nationwide classes.  Ex. 1 ¶¶ 23-31.  The Class Action Fairness Act permits removal of such cases if (1) the amount in controversy exceeds $5,000,000, as aggregated across all individual claims; (2) the citizenship of at least one class member differs from that of any defendant; and (3) the class consists of at least 100 or more members.  *See* 28 U.S.C. § 1332(d)(2), (5), (6); *Portillo v. Nat'l Freight, Inc.,* 169 F. Supp. 3d 585, 591-92 (D.N.J. 2016).  As described in more detail below, each of these requirements is satisfied.  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1332(d).

## SUMMARY OF PLEADINGS

2.  On February 15, 2018, plaintiff Fabian Arkliss ("Arkliss") filed a class-action complaint against Defendant NESNA and Defendant Difeo Nissan Partnership d/b/a Hudson Nissan ("Difeo") in the Court of New Jersey, Bergen County Division, captioned *Fabian Arkliss v. Nissan Extended Services North America, Inc. et al.*, Case No. 2018-L-001227 (the "State Court Action").  Attached as Exhibit 1 is a true and correct copy of the Complaint filed in the State Court Action.  Attached as Exhibit 2 is a true and correct copy of the docket from the State Court Action, as publicly viewable on the New Jersey Court's website.

3.  On March 9, 2018, a copy of the Complaint was served on NESNA's registered agent.

4.  Neither Defendant has yet served an answer or filed a motion to dismiss in response to the Complaint.

5.  As alleged in the Complaint, on or about April 28, 2015, Arkliss purchased a Nissan Altima on credit, at a car dealership operated by Difeo. Ex. 1 ¶¶ 5-6. Arkliss alleges that the terms of this credit were documented in a Retail Installment Contract, which he entered into with Difeo. *Id.* ¶ 7. The Retail Installment Contract extended credit at an interest rate of 23.99% annually. *Id.* ¶¶ 12-13.

6. Arkliss further alleges that, on the same date he purchased the Altima, he also purchased a Vehicle Service Agreement, which provided for coverage in the event of mechanical breakdown of covered parts. *Id.* ¶¶ 15, 17. Arkliss alleges that he purchased this agreement for $1,500 from Difeo and that NESNA was the service contractor for this agreement. *Id.* ¶¶ 15-16, 18.

7. The gravamen of Arkliss's allegations is that the Vehicle Service Agreement falsely represented that it "was subject to 0% Financing" when, in actuality, the interest rate of 23.99% was applied to both the Retail Installment Contract *and* the Vehicle Service Agreement. *Id.* ¶¶ 21-22.

8. The Retail Installment Contract is appended to the Complaint. *See* Ex. 1 at 13-14. The Retail Installment Contract makes clear on its face that the $1,500 charge for the Vehicle Service Agreement was included in the total "Amount Financed" and that this charge was subject to the 23.99% annual percentage rate. *Id.* Accordingly, Arkliss was on clear notice of the terms of the credit he was extended and it was unlikely he was confused about the same. Nonetheless, Arkliss claims that he is "prepared to adequately represent" not only his interests, but those of the following classes, Ex. 1 ¶ 30:

    a. **NESNA Class**: "All persons in the United States; who in the four years preceding the filing of this action and through the date of class certification; entered into a vehicle services agreement in which

       NESNA was the services contractor; where such vehicle services agreement was purchased by such consumer on credit; [and] where such vehicle services agreement falsely represented zero percent financing for the purchase thereof." Ex. 1 ¶ 23.

    b. **Difeo Class:** "All persons in the United States; who in the four years preceding the filing of this action and through the date of class certification; entered into a vehicle services agreement in which NESNA was the services contractor; where such vehicle services agreement was purchased by such consumer on credit; where such vehicle services agreement represented zero financing for the purchase thereof; and where Difeo provided financing for such vehicle services contract at greater than zero percent." Ex. 1 ¶ 24.

9. For each of these classes, and for himself, Arkliss seeks damages "not less than [the] financing paid … for NESNA vehicle service contracts in excess of zero percent," in addition to [d]eclaratory and equitable relief barring defendants from charging financing in excess of zero percent on NESNA vehicle service contracts. Ex. 1 at p. 8 (Prayer for Relief).

10. NESNA denies the Complaint's material factual allegations and any liability whatsoever, under any theory and in any amount. Solely for purposes of this Notice of Removal, NESNA relies on Arkliss's allegations, as set forth in the

Complaint and its attached exhibits, to satisfy the requirements of removal under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## JURISDICTION

11. This Court has subject matter jurisdiction of this civil action based on diversity of citizenship under 28 U.S.C. § 1332(d). This action may therefore be removed to this Court. *See* 28 U.S.C. §§ 1441, 1446, and 1453.

### I. Diversity Jurisdiction Under the Class Action Fairness Act

12. The State Court Action may be removed to this Court based on diversity of citizenship, pursuant to the specific rules set forth in the Class Action Fairness Act ("CAFA"). *Stewart v. Smart Balance, Inc.*, CIV.A. 11-6174 JLL, 2012 WL 4168584, at *13 (D.N.J. June 26, 2012) (noting that CAFA "creates an alternative basis for federal jurisdiction" over a claim alleged under the Magnuson-Moss Warranty Act); *see also McCalley v. Samsung Elecs. Am., Inc.*, CIV.A. 07-2141 (JAG), 2008 WL 878402, at *4 (D.N.J. Mar. 31, 2008); *McGhee v. Cont'l Tire N. Am., Inc.*, No. 06–6234, 2007 U.S. Dist. LEXIS 62869, *8 (D.N.J. Aug. 27, 2007).

13. CAFA authorizes the removal of class actions in which any member of the putative plaintiff class is a citizen of a State different from any defendant, the proposed class includes at least 100 members, and the amount in controversy exceeds $5 million (exclusive of interest or costs). *See* 28 U.S.C. §§ 1332(d)(2), (5), (6); 28 U.S.C. § 1453. "[T]he language of CAFA favors federal jurisdiction over

6

class actions." *Portillo,* 169 F. Supp.3d at 592 n.9.  CAFA's statutory factors are satisfied here.

### A. Minimal Diversity of Citizenship

14. Pursuant to 28 U.S.C. § 1332(d)(2)(A), the minimum diversity required for removal exists here because Defendant NESNA is diverse from at least one member of the putative class.  NESNA is a Delaware corporation with its principal place of business in Tennessee.  Ex. 1 ¶ 4.  Plaintiff Arkliss is a natural person and resident of Bergen County, New Jersey.  Ex. 1 ¶ 3.  Because Plaintiff Arkliss is a citizen of a State different from Defendant NESNA, the citizenship of the parties is diverse and the requirement of minimal diversity is satisfied.  *See Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F. Supp. 3d 598, 602 (D.N.J. 2016) (CAFA "requires only one member of the plaintiff class—named or unnamed—[to] be diverse from any one defendant for diversity to be satisfied." (internal quotation marks omitted)).

### B. More than 100 Alleged Class Members; More than $5 Million in Controversy

15. Pursuant to 28 U.S.C. § 1332(d)(5)(B), Plaintiffs' purported classes consist of more than 100 members.  Arkliss alleges that the agreements at issue in this case are "standard form service agreements" that are offered to persons across the United States.  Ex. 1 ¶¶ 23, 24, 26.  On that basis, Arkliss alleges that the putative classes are "so numerous that joinder of all parties is not practical."  *Id.* ¶ 26.

NESNA has entered into over 5,000 Vehicle Services Agreements that contain the allegedly offending "0% Financing" language. Ex. 3 ¶ 2 (Declaration of Jack Crowley). Accordingly, the putative classes well exceeds 100 persons.

16. Based upon the allegations in the Complaint, the amount in controversy also exceeds $5 million exclusive of interest and costs, as required under 28 U.S.C. § 1332(d)(6). Arkliss alleges that the principal owed on his Vehicle Service Contract is $1,500. Ex. 1 ¶ 22. Arkliss seeks to recover the full amount of interest that he has paid on this principal, at a rate of 23.99% annually. Ex. 1 ¶¶ 38, 50 & p. 8 (Prayer for Relief). Because Arkliss alleges that he has been paying this interest for three years (since April 2015) Arkliss has, according to his allegations, paid at least $1,079.55 in interest for the Vehicle Service Agreement.[1]

17. Of course, Arkliss seeks damages not only for himself, but on behalf of all members of two putative nationwide classes. "[I]n order to determine whether the amount in controversy exceeds the sum or value of $5,000,000, 'the claims of the individual class members [must] be aggregated.'" *Portillo*, 169 F. Supp. 3d at 596–97 (citing 28 U.S.C. § 1332(d)(6)); *see also Stand. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (CAFA instructs courts to "add[] up the value of the claim

---

[1] 23.99% x $1,500 = $359.85. $359.85 x three years = $1,079.55. These calculations assume, conservatively, that the interest is non-compounded.

of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million.").

18.     Arkliss purports to include as a class member any person who entered into the allegedly offending agreement at any time within four years prior to the filing of the Complaint. Ex. 1 ¶¶ 23, 24. For each such member, Arkliss seeks the entirety of the interest that he or she has paid on his or her Vehicle Services Contract. Ex. 1 at p. 8 (Prayer for Relief) (seeking damages "not less than financing paid by class members for NESNA vehicle service contracts in excess of zero percent").

19.     As noted, NESNA has entered into over 5,000 Vehicle Services Agreements since 2014. Ex. 3 ¶ 2. If each individual has paid the same amount of interest as Arkliss—which is in keeping with Arkliss's allegation that his "claims are typical of class members'"— then the potential damages sought in the State Court Action would exceed $5.3 million.[2] Ex. 1 ¶ 29. This number is a lower-bound estimate, given that it assumes interest is non-compounding, *see supra* n.1, and does not take into account the other relief requested in the action. That relief includes attorneys' fees, as well as a sweeping injunction that would prevent Defendants from *ever* charging *any* interest on a Vehicle Service Agreement moving forward. Ex. 1 at p. 9 (Prayer for Relief).

---

[2] $1,079.55 x 5,000 = $5,397,750.

9

20.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Portillo*, 169 F. Supp. 3d at 597.  A defendant's notice of removal "need not contain evidentiary submissions."  *Owens*, 135 S. Ct. at 551.  Though NESNA was not required to do so, it has included a declaration that, together with the allegations in the Complaint, make clear that the amount in controversy exceeds the $5 million threshold.  NESNA has met and, indeed, substantially exceeded the statutory requirements for alleging a $5 million or greater amount in controversy.

21.     For the avoidance of doubt, NESNA denies all allegations in the Complaint—including that this action is amenable to class treatment, that the material factual allegations are true, and that Arkliss or the putative class members are entitled to any relief whatsoever.

### C.    Other Procedural Requirements

22.     Although NESNA denies all allegations in the Complaint, this case also meets the definitional requirements for a class action as provided by 28 U.S.C. §§ 1332(d)(1)(B), and 1453(a) and (b).  For removal to be authorized by those provisions, the removed case must have been brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under a similar state statute or rule that authorizes one or more representative persons to maintain a class action.  The

State Court Action seeks "[a]n order certifying the classes alleged herein," presumably under New Jersey Court Rule 4:32-2, the state court rule providing for issuance of such orders.  Ex. 1 at p. 8 (Prayer for Relief).

23. This Court is the proper district court for removal because the Court of New Jersey, Bergen County Division, where the State Court Action was filed and is pending, is located within the United States District Court for the District of New Jersey.  Accordingly, venue is proper pursuant to 28 U.S.C. §§ 1446(a) and 1441(a).

24. This removal is timely.  The Complaint was served on NESNA on March 9, 2018.  Defendant filed this Notice of Removal within the 30-day statutory time period set forth in 28 U.S.C. § 1446(b)(2)(B).

25. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and documents on file in the State Court Action are attached as Exhibits 1 and 2.  A true and correct copy of Plaintiff's Complaint is attached as Exhibit 1.

26. Pursuant to 28 U.S.C. § 1446(d), NESNA is concurrently filing a copy of this Notice of Removal with the Court of New Jersey, Bergen County Division.  NESNA is also concurrently serving Plaintiffs with a copy of this Notice of Removal, as well as a copy of the Notice of Filing of Notice of Removal that will be filed with the Court of New Jersey, Bergen County Division.

27. NESNA may remove this action without the consent of Difeo. *See* 28 U.S.C. § 1453(b) (class actions "may be removed by any defendant without the consent of all defendants").

## NO WAIVER

28. By filing this Notice of Removal, NESNA does not waive any defenses available to it and does not admit any of Plaintiffs' material allegations, including allegations of wrongdoing, allegations concerning damages, or any class-action allegations.

## CONCLUSION

29. WHEREFORE, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441, 1446 and 1453, including the presence of all jurisdictional requirements established by 28 U.S.C. § 1332, NESNA respectfully serves notice that the above-referenced State Court Action is hereby removed to the United States District Court for the District of New Jersey.

Dated:  April 6, 2018                           Respectfully submitted,

/s/ *Jeremy H. Ershow*
Jeremy H. Ershow
New Jersey Bar No. 063942013
Peter Brennan
(*application for pro hac vice forthcoming*)
Previn Warren
(*application for pro hac vice forthcoming*)

        Jenner & Block LLP
        919 3rd Avenue
        New York, NY 10022
        jershow@jenner.com
        pbrennan@jenner.com
        pwarren@jenner.com
        Telephone: (212) 891-1600
        Facsimile:  (212) 891-1699

        *Attorneys for Nissan Extended Services North America, Inc.*

## **CERTIFICATE OF SERVICE**

I, Jeremy Ershow, an attorney, certify that on this 6th day of April, 2018, a copy of the foregoing *Notice of Removal* was served via e-mail and first class mail to:

Gabriel Posner
gabe@PosnerLawPLLC.com
Posner Law PLLC
270 Madison Avenue, Suite 1203
New York, NY 10016
Tel: 646-546-5022

Ari H. Marcus
ari@marcuszelman.com
Marcus Law, LLC
1500 Allaire Avenue
Ocean, NJ 07712
Tel: 732-695-3282

*Attorneys for Plaintiff and Putative Classes*

/s/ *Jeremy Ershow*
*Attorney for Nissan North America Extended Services, Inc.*